Kurt S. Odenwald, Judge,
concurring.

INTRODUCTION

I concur with the result of the majority opinion • for the limited reason that the arbitration provisions of the employment agreement lack the mutuality of' obligation to provide the requisite consideration to support a binding agreement. As noted by majority, when construing the terms of the arbitration provisions as a whole, it is clear that while Cintas may apply to any court of competent jurisdiction for a temporary restraining order, preliminary injunction or other injunctive relief to enforce an employee’s contractual obligations, Jimenez is not granted such right under- the arbitration provisions. Where the practical- effect of an arbitration agreement binds only one of the parties to arbitration, the agreement lacks mutuality of .promise, and is devoid of consideration. For this reason, and this reason alone, J agree with affirming the trial court’s judgment denying - Cintas’ motion to compel arbitration.
However, unlike the majority, I am unwilling to extend Missouri authority holding that an offer of continued at-will employment lacks consideration to support an arbitration agreement to the facts of this case, which involves the initial promise of at-will employment. See Morrow v. Hallmark Cards, Inc., 273 S.W.3d 15 (Mo.App. W.D.2008), (a promise of “continued” at-will employment will not constitute consideration for purposes of enforcing an arbitration agreement.) See also Clemmons v. Kansas City Chiefs Football Club, Inc., 397 S.W.3d 503, 507 (Mo.App.W.D.2013). Notably, no Missouri case has held that an initial offer of át-will employment is illusory or lacks the requisite mutuality of promise to provide consideration for the agreement. Unlike the majority, I consider the distinction between “continued” employment and “initial” employment to be a material difference. '
Jimenez began working for Cintas in December 2011 and was terminated in June 2012. Cintas was under no obligation to hire Jimenez. As noted by the *690 majority, consideration is created by “either a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party.” Morrow, 273 S.W.3d at 25. When Cintas hired Jimenez, it affirmatively did something it was not legally obligated to do. This circumstance is substantively different than merely allowing an employee to continue what the employee has already been doing for the employer. Bringing on a new hire necessarily involves an undertaking of additional effort and obligation that is absent in allowing “continued” employment.
The majority’s reference to Whitworth v. McBride & Son Homes, Inc., 344 S.W.3d 730 (Mo.Ct.App.2011) is unconvincing. The Western District in Whitworth did not engage in any substantive discussion as to the legal distinction between an initial promise of at-will employment and the continuance of at-will employment relationship for purposes of providing consideration for an enforceable arbitration contract. .In fact, Whitworth acknowledges the .existence of this potential issue in only one sentence. Whitworth provides no authority for holding that a promise of at-will employment necessarily lacks the consideration required to support the arbitration provisions of an employment agreement. Nor does any Missouri judicial authority. For this reason, I limit my concurrence to the majority’s holding that consideration fails because Cintas is not mutually obligated to use the arbitration process required of Jimenez.